HODGSON LEGAL
CHERYL L. HODGSON (CSB# 141275)
cheryl@hodgsonlegal.com
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
Telephone: (310) 623-3515

Attorney for Plaintiff LOPEZ ENTERTAINMENT GROUP, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOPEZ ENTERTAINMENT GROUP, LLC, a California Limited Liability Company<br><br>Plaintiff<br><br>vs.<br><br>TELEMUNDO COMMUNICATIONS GROUP, LLC, a Delaware Limited Liability Company; TELEMUNDO GROUP LLC, a Delaware Limited Liability Company; TELEMUNDO HOLDINGS, LLC, a Delaware Limited Company; TELEMUNDO NETWORK LLC, a Delaware Limited Liability Company; TELEMUNDO NETWORK GROUP LLC, a Delaware Limited Liability Company; ARGOS COMUNICACIONES, dba Argos Media, a Mexican company; CAROLCO TV; and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO. CV13-05222 FMO (MRWx)<br><br>**MOTION TO COMPEL TELEMUNDO TO APPEAR AT RULE 30(B)(6) DEPOSITIONS**<br><br>**File Concurrently Herewith:**<br>1. **Notice of Motion**<br>2. *Ex Parte* **Application to Extend Discovery Deadline**<br>3. *Ex Parte* **Application to Shorten Time Regarding Motion to Compel**<br>4. **Declaration of Cheryl L. Hodgson**<br>5. **[Proposed] Order**<br><br>Hon. Fernando M. Olguin<br><br>Complaint filed: July 19, 2013<br>Fact Discovery Cut-Off: June 30, 2014<br>Pre-trial Conference: October 3, 2014<br>Trial: October 21, 2014 |

## NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on date to be set by the Court pursuant to Plaintiff's concurrently-filed *Ex Parte* Application to Extend Discovery Deadline, *Ex Parte* Application to Shorten Time, Plaintiff Lopez Entertainment Group LLC ("Plaintiff") will, and hereby do, move the above-captioned Court for an order requiring Telemundo to appear for its deposition on the topics set forth in Exhibit E, attached to the Declaration of Cheryl Hodgson, filed herewith.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Cheryl L. Hodgson, and the exhibits thereto, the complete records and files of this action, and such additional argument or evidence as may be presented to the Court.

Dated: July 2, 2014

**HODGSON LEGAL**

By: /s/ Cheryl L. Hodgson
    Cheryl L. Hodgson

Attorney for Plaintiff
LOPEZ ENTERTAINMENT GROUP LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As the Court is aware, Plaintiff has been frustrated in its efforts to obtain appropriate discovery from Telemundo in this action. Now, Telemundo refuses to appear for depositions in response to Plaintiff's Second Notice of Deposition of Telemundo, pursuant to Federal Rule of Civil Procedure 30(b)(6). Telemundo stands on the legally unsound objection that Plaintiff's notice would constitute a second deposition of Telemundo and is therefore not permitted under Federal Rule 30. Telemundo's position has been roundly rejected where two notices of deposition for a corporate party are addressed to different topics. Here, Plaintiff's two notices covered different topics, and in one case the witnesses it produced had no knowledge as to the topic, namely the take down notices purportedly served on various websites where the Telemundo infringing video was posted.

Plaintiff specifically pursued other topics during the testimony. However, during the testimony on one of the witnesses, Plaintiff learned for the first time that video footage that was posted to the Internet containing Plaintiff's copyrighted song and master sound recordings was made available by the deponent to the Telemundo digital marketing department. Moreover, evidence produced by Google in response to a subpoena indicates the infringing video was uploaded to the various sites, not posted by way of copying links. This means that many of the sites where the infringing video was displayed received a physical copy of the video in the form of an electronic press kit or physical thumb drive. Plaintiff is entitled to depose Telemundo on the subject of its marketing for its telenvovelas, including *El Señor de los Cielos.*

Telemundo is not in any way prejudiced by appearing for the noticed deposition on different topics, and should appear rather than rely on objections as a means to delay and obstruct discovery.

Federal Rules 26(b)(2) provides the relevant standard, which is easily met here. The discovery sought by Plaintiff is entirely non-cumulative, Plaintiff cannot obtain Telemundo's testimony except by means of this deposition. Further, Plaintiff's need for the deposition far outweighs any purported inconvenience to Telemundo. Accordingly, if the Court concludes that leave to take the deposition is required, Plaintiff respectfully submits that it should be granted here.

## II.   FACTUAL BACKGROUND

On June 19 and 20, 2014, Plaintiff deposed witnesses from Telemundo in Miami, Florida pursuant to Federal Rule 30(b)(6). During the testimony of the witnesses, Carlos Mantilla, disclosed that he shared promos, including videos produced for the Upfront Presentations with various departments of Telemundo, including the digital department. On Friday, June 20, 2014, the morning after Mr. Mantilla's testimony had concluded, counsel appearing on behalf of Telemundo provided Plaintiff with several new documents, including an email from Mr. Mantilla referencing infringing versions of the Upfront containing Plaintiff's copyrighted musical compositions. None of the three witnesses produced by Telemundo had knowledge of the take down notices allegedly served by Telemundo to various sites containing the infringing video as contained in the original Notice of Deposition.

Plaintiff noticed Telemundo's deposition, pursuant to Federal Rule 30(b)(6), for June 30, 2014, together with a request that Telemundo stipulate to a brief continuance of time to allow Plaintiff to complete the discovery following the discovery cut off of June 30, 2014. Telemundo propounded

written objections in which it refused to appear, incorrectly contending that the deposition notice of improper (as discussed in greater detail in Plaintiff's accompanying Motion to Require Telemundo to Appear for Rule 30(b)(6) Deposition). Plaintiff diligently attempted to meet and confer with Telemundo and work toward cooperatively scheduling the deposition.

Telemundo refused to so stipulate, giving rise to this *Ex Parte* Application to Extend the Discovery until July 31, 2014, and accompanying Motion to Compel Testimony pursuant to the Notice of Deposition attached to the Declaration of Cheryl Hodgson as Exhibit E.

Plaintiff gave notice of this application to Anjani Mandavani, counsel for Telemundo, during a telephone conference on June 27, 2014, and again in person on June 30, 2014 during the deposition testimony of plaintiff Lopez Entertainment LLC.

**III.   LEAVE OF COURT IS NOT REQUIRED FOR PLAINTIFF'S DEPOSITION NOTICE**

The Court in *Quality Aero Technology v. Telemetric Electronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002), explained that,

> "Rule 30(b)(6) depositions are different from depositions of individuals. That difference is confirmed by the Advisory Committee Notes to the 1993 amendments to the Federal Rules, which expressly states that for purposes of calculating the number of depositions in a case, a 30(b)(6) deposition is separately counted as a single deposition, regardless of the number of witnesses designated. Further, there is no aspect of the Rules which either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition."

212 F.R.D. at 319.[1]  Thus *Quality Aero* concluded that where two different notices of Rule 30(b)(6) deposition "relat[e] to different subject areas," there is not need to seek leave of court.

Here, it is undisputed that Plaintiff's deposition notices do not cover the same overlapping topics.  Plaintiff's June 17, 2014 Notice touched on Telemundo's relationship with Argos.

Plaintiff learned of new evidence during the first deposition held on June 19 and 20.  Further, after the deposition had already been concluded, Telemundo served several new documents, including an email written by one of the deponents referencing 3 links to the infringing video, which is the subject matter of this action.

Plaintiff notified defendant's counsel at the close of testimony by email on June 20, 2014 that another notice would be serviced. (Hodg. Dec. ¶ 8, Ex. D).  That Notice was served on June 22, 2014 as soon testimony could be reviewed and the new notice prepared.  That Notice covers issues in the case that relate to the new documents, subject matter as to which the earlier witnesses had no knowledge, and new areas based upon the testimony given by one of the witnesses on June 19-20, 2014.

The testimony sought by Plaintiff is distinct from that sought by Plaintiff's prior notice.  Accordingly, Telemundo should be ordered to appear for the 30(b)(6) deposition noticed by Plaintiff.

## IV.   IN THE ALTERNATIVE, LEAVE SHOULD BE GRANTED FOR THIS DEPOSITION

Plaintiff respectfully submits that such leave should be granted here.

---

[1] The 1993 Advisory Committee Notes explain that "A deposition under Rule 30(b)(6) should, for purposes of this [10-deposition] limit be treated as a single deposition even though more than one person may be designated to testify." Rule 30(a), 1993 Adv. Comm. Notes.

1

Rule 26 governs the propriety of a second deposition. *See Judicial Watch, Inc. v. United States Dep't of Commerce*, 34 F. Supp. 2d 47, 54 (D.D.C. 1998) (applying Rule 26(b)(2)); *Christy c. Pennsylvania Turnpike Commission*, 160 F.R.D. 51, 52 (E.D. Pa. 1995) (same). Accordingly, leave should be granted unless Telemundo can demonstrate that (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See* Fed. R. Civ. Pro. 26(b)(2). Telemundo cannot show that any of these criteria applies.

**A. Telemundo Cannot Show That The Deposition Is Cumulative**

Telemundo cannot show that the discovery sought is unreasonably cumulative or duplicative.

As outlined above, Plaintiff seeks to cover:

1. Carlos Mantilla's knowledge of the videos appearing at the URL's he wrote about in Exhibit A.

2. Testimony from a knowledgeable witness on the take down notices served by Telemundo following Plaintiff's notice of infringement;

3. The nature and extent of distribution of videos by the Telemundo marketing department to third parties for marketing the Series by means of the Internet; and

4. The rates charged by the Sales Department for sponsorships and advertising for Telemundo novelas, which is highly relevant on the subject of vicarious liability, namely the financial benefit derived by

Telemundo from Internet marketing of telenovelas by means of the television as well as the Internet.

### B. Telemundo Cannot Show That Plaintiff Had An Opportunity To Obtain The Discovery Sought

Second, Plaintiff did not have ample opportunity to obtain the discovery sought. It has not. Telemundo has not presented any 30(b)(6) deposition discovery relating to any of the other topics included in Plaintiff's June 20, 2014 Notice.

### C. Telemundo Cannot Show That The Burden Or Expense Of The Deposition Outweighs Its Benefit

Third, Telemundo cannot show that the burden or expense of the proposed discovery outweighs its likely benefits, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The significant stakes and complexity of this case warrant a comprehensive deposition of Telemundo on the relevant issues.

Accordingly, under Rule 26(b)(2) standard, Plaintiff respectfully requests that, to the extent the Court concludes that such leave is required, that the Court grant Plaintiff immediate leave to pursue Telemundo's deposition to avoid further delay and obstruction.

## V. CONCLUSION

Plaintiff regrets the need to raise this issue with the Court. Unfortunately, however, Telemundo's behavior necessitates this Motion. Telemundo has no proper basis for its refusal to appear for its deposition pursuant to Plaintiff's notice. Plaintiff therefore respectfully requests that Telemundo be ordered to appear in response to Plaintiff's June 20, 2014 Notice of Deposition.

Dated:  July 2, 2014

**HODGSON LEGAL**

By:  /s/ Cheryl L. Hodgson
        Cheryl L. Hodgson

Attorney for Plaintiff
LOPEZ ENTERTAINMENT GROUP LLC