1
2  HODGSON LEGAL
   CHERYL L. HODGSON (CSB# 141275)
3  cheryl@hodgsonlegal.com
   100 Wilshire Blvd., Suite 940
4  Santa Monica, CA 90401
5  Telephone: (310) 623-3515

6  Attorney for Plaintiff LOPEZ ENTERTAINMENT GROUP, LLC

7

8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11  LOPEZ ENTERTAINMENT GROUP,          CASE NO. CV13-05222 FMO
    LLC, a California Limited Liability   (MRWx)
12  Company

13                      Plaintiff       **PLAINTIFF'S *EX PARTE***
                                        **APPLICATION FOR ORDER**
14      vs.                             **EXTENDING DEADLINE FOR**
                                        **DISCOVERY**
15
16  TELEMUNDO
    COMMUNICATIONS GROUP,               [Declaration of Cheryl L. Hodgson in
17  LLC, a Delaware Limited Liability   Support and Proposed Order Filed
    Company; TELEMUNDO GROUP            Concurrently Herewith]
18  LLC, a Delaware Limited Liability
19  Company; TELEMUNDO                  Hon. Fernando M. Olguin
    HOLDINGS, LLC, a Delaware
20  Limited Company; TELEMUNDO          Complaint filed: July 19, 2013
    NETWORK LLC, a Delaware             Fact Discovery Cut-Off: June 30, 2014
21  Limited Liability Company;          Pre-trial Conference: October 3, 2014
22  TELEMUNDO NETWORK                   Trial: October 21, 2014
    GROUP LLC, a Delaware Limited
23  Liability Company; ARGOS
24  COMUNICACIONES, dba Argos
    Media, a Mexican company;
25  CAROLCO TV; and DOES 1
26  through 10, inclusive
27                      Defendants.
28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Lopez Entertainment Group LLC ("Plaintiff") hereby applies *ex parte* order extending by a period of not more than 30 days for the discovery deadline in this action, to allow Plaintiff time to take incomplete testimony given by Defendant Telemundo ("Telemundo") in its first deposition, and additional testimony based upon facts revealed at the first deposition, and such other discovery as the Court may allow.

GOOD CAUSE EXISTS for the granting of this Application.

1. Plaintiff served a subpoena on a third party witness, Clevver Media, who responded to the subpoena on June 20, 2014, with a need for additional time to locate documents and appear for a deposition after the cut off of June 30, 2014;and

2. During the testimony of a Telemundo witness Plaintiff learned for the first time that Telemundo made the video footage contained in the Infringing video available to its digital marketing department for use in marketing the series *El Señor de los Cielos* on the Internet; and

3. On June 20, 2014, Plaintiff was served with additional documents after the conclusion of the testimony of one witness in Miami, FL. That testimony included an email referencing links to the infringing video containing Plaintiff's copyrighted master sound recording and musical composition; and

4. None of the three witnesses that testified on June 19, 2014 were able to give testimony on subject matter item 15, namely the take down notices served by Telemundo after being notified of this action; and

5. Plaintiff is entitled to testimony regarding rates charged for sponsorship and advertising for telenovelas, since it is highly

1

relevant on the issue of financial benefit for purposes of a finding of vicarious liability on the part of Telemundo.

6. On June 20, 2014, 10 days prior to the close of discovery, Plaintiff gave notice to counsel for Telemundo that she needed to take additional testimony.  Telmundo refused to stipulate to an extension of time and to producing additional witnesses on the matters set forth in the Notice of Deposition served on June 22, 2014.

7. The remaining court deadlines need not be changed, as the deadline for filing Motions for Summary Judgment is August 15, 2014, and there is sufficient time to include any additional evidence in those motions on the presently scheduled date.

By this Application, Plaintiff's request that the Court issue an Order extending the discovery cut-off and last day for hearing motions by 30 days each.  This is Plaintiff's first requests for an extension in this case.

This *Ex Parte* Application was served by email and U.S. Mail to Telemundo's counsel.

This *Ex Parte* Application is based upon this Notice of Application, the accompanying Memorandum of Points and Authorities, the Declaration of Cheryl L. Hodgson and exhibits thereto, the record of this action, and upon such further oral and documentary evidence as may be requested by the Court.

Dated:  July 2, 2014                              **HODGSON LEGAL**


                                        By:  _/s/ Cheryl L. Hodgson_____
                                                Cheryl L. Hodgson

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Despite serving timely deposition notices in advance of the June 30, 2014 discovery cut-off, Telmundo refuses to cooperate in the scheduling the last deposition after the current date of June 30, 2014, or to participate in further discovery from Telemundo on the topics set forth in Exhibit E of the Declaration of Cheryl Hodgson.

In addition, Plaintiff's counsel agreed to cooperate with New York counsel for a third party witness, Clevver Media, but providing two weeks additional time within which to complete an investigation of the company's records, and to provide testimony deposition by the middle of July 2014. Plaintiff served the subpoena 30 days prior to the discovery completion deadline of June 30, 2014, but the party subpoenaed did not receive the subpoena from its agent for service of process until after June 15, 2014, leaving its counsel insufficient time to respond prior to June 30, 2014. (Hodg. Dec. ¶ 11).

Plaintiff has exercised its best due diligence under the circumstances – and cannot take discovery from Telemundo until this Court rules on the motions pending before it.  Good cause exists to extend the respective discovery in this case until August 1, 2014.  Accordingly, with this Application, Plaintiff seeks a 30-day extension of these deadlines, to commence immediately following the Court's rulings on the two pending motions.

## RELEVANT PROCEDURAL BACKGROUND

On June 19 and 20, 2014, Plaintiff deposed witnesses from Telemundo in Miami, Florida pursuant to Federal Rule 30(b)(6).  During the testimony of the witnesses, Carlos Mantilla, disclosed that he shared

promos, including videos produced for the Upfront Presentations with various departments of Telemundo, including the digital department. (Hodg. Dec. ¶ 7, Ex. C). On Friday, June 20, 2014, the morning after Mr. Mantilla's testimony had concluded, counsel appearing on behalf of Telemundo provided Plaintiff with several new documents, including an email from Mr. Mantilla referencing infringing versions of the Upfront containing Plaintiff's copyrighted musical compositions. (c).   None of the three witnesses produced by Telemundo had knowledge of the take down notices allegedly served by Telemundo to various sites containing the infringing video as contained in the original Notice of Deposition.

Plaintiff noticed Telemundo's deposition, pursuant to Federal Rule 30(b)(6), for June 30, 2014, together with a request that Telemundo stipulate to a brief continuance of time to allow Plaintiff to complete the discovery following the discovery cut off of June 30, 2014.  Telemundo propounded written objections in which it refused to appear, incorrectly contending that the deposition notice of improper (as discussed in greater detail in Plaintiff's accompanying Motion to Require Telemundo to Appear for Rule 30(b)(6) Deposition).   Plaintiff diligently attempted to meet and confer with Telemundo and work toward cooperatively scheduling the deposition.

Telemundo refused to so stipulate, giving rise to this *Ex Parte* Application to Extend the Discovery until July 31, 2014, and accompanying Motion to Compel Testimony pursuant to the Notice of Deposition attached to the Declaration of Cheryl Hodgson as Exhibit E.

Plaintiff gave notice of this application to Anjani Mandavani, counsel for Telemundo, during a telephone conference on June 27, 2014, and again in person on June 30, 2014 during the deposition testimony of plaintiff Lopez Entertainment LLC.

**DISCUSSION**

I.   **'Good Cause' Standard**

Fed. Rule Civ. P. 16(b) authorizes Courts to control and expedite pretrial discovery though a scheduling order.   Modification of scheduling orders pursuant to Rule 16 requires "good cause."   Fed.R.Civ.P. 16(b) ("A schedule shall not be modified expect upon a showing of good cause and by leave of the district judge…").   Rule 16(b)'s "good cause" requirement turns principally upon the diligence of the party seeking relief.   *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment…[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" (citation omitted)).   "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id*.; *See also In re Imperial Credit Indus. Sec. Litig.*, 252 F. Supp. 2d 1005, 1017 (C.D. Cal. 2003); *Engman v. City of Ontario*, 10-cv-284, 2011 WL 1044273 (C.D. Cal. Mar. 14, 2011) (granting extension of deadlines where defendant's conduct prevented plaintiff from timely completing discovery).

Here, Plaintiff could not complete the remaining discovery prior to June 30, 2014 – despite their diligent (and timely) efforts.   Ms. Hodgson had traveled cross country to Miami in order to take the testimony of Telemundo. Based upon the facts learned in that deposition, it was clear one day of additional testimony would be needed.   Ms. Hodgson notified opposing counsel the same day the depositions concluded (Hodg. Dec. ¶ 8, Ex. D). She served a new 30(b)(6) notice within 48 hours of the conclusion of the June 20, 2014 deposition.   (Hodg. Dec. ¶ 8, Ex. E).  Ms. Hodgson met and conferred with Ms. Anjani as required by local rules on Friday June 27, 2014

followed by a letter identifying the subject matter for the requested discovery and the basis therefor.  (Hodg. Dec. ¶ 10, Ex. F).

## II.    Plaintiff Is Entitled To Discovery From Telemundo And Third-Party Subpoenas

Fed. R. Civ. P. 26 states that parties in litigation are entitled to broad discovery on all non-privileged matters relevant to any claim or defense. "The federal rules of discovery are designed to give parties knowledge of all relevant facts before going to trial in order to prevent surprise."  *Abbott Labs. V. Syntron Bioresearch Inc.*, 98-CV-2359, 2001 WL 3408255, at *8 (S.D. Cal. Aug 24, 2001).  To ensure that parties can obtain relevant facts, they are permitted to depose their opponents.  *See* FRCP 30, 33.

## III.    Plaintiff Has Acted Diligently And Will Suffer Irreparable Injury If The Discovery Deadline Is Not Extended

The Court may grant an extension where a deadline "cannot reasonably be met despite diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quoting FRCP advisory committee notes).  Lopez has satisfied its requisite showing of 'good cause' by demonstrating that is has diligently pursued discovery.  *In re Imperial Credit Indus.*, 252 F. Supp. 2d at 1017.  "Diligence" exists where a party makes all reasonable efforts to comply with a scheduling order, but cannot do so "because of the development of matters which could not have been reasonably foreseen or anticipated…" *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

As outlined in Ms. Hodgson's declaration, there were only 9 business days within which to travel back to Los Angeles, notice additional testimony, meet and confer with counsel, and attend the deposition of her client Aaron Lopez Contreras, previously scheduled for June 30, 2014.

1    Plaintiff have satisfied their diligence burden and therefore
2  demonstrate "good cause" to warrant an extension of the discovery
3  deadlines.

4                        **CONCLUSION**

5    For the foregoing reasons, Plaintiff respectfully request that this Court
6  grant its *ex parte* application to extend discovery cut-off by 30 days.

7

8

9  Dated:  July 2, 2014              **HODGSON LEGAL**

10

11                                 By:  */s/* Cheryl L. Hodgson
12                                       Cheryl L. Hodgson

13                                 Attorney for Plaintiff
14                                 LOPEZ ENTERTAINMENT GROUP
15                                 LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

5